UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEIDRE GAWNE,<br>    Plaintiff<br><br>V.<br><br>UNUMPROVIDENT CORPORATION,<br>PAUL REVERE LIFE INSURANCE<br>COMPANY, AND PINE MANOR COLLEGE<br>LONG TERM DISABILITY PLAN,<br>    Defendant | CIVIL ACTION NO. 04-10860-WGY |

## ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

Paul Revere Life Insurance Company answers the plaintiff's Complaint on behalf of itself, UnumProvident Corporation[1], and Pine Manor College Long Term Disability Plan (collectively "Paul Revere") as follows:

1.  Paul Revere admits that it issued a group long-term disability policy to Pine Manor College as part of its Employee Welfare Benefit Plan ("the Plan"), of which Ms. Gawne was a participant; that based on information and belief the Plan is called the Pine Manor College Long Term Disability Plan; and that the policy number is G-27538. Paul Revere denies the remaining factual allegations set forth in paragraph 1. The remaining allegations set forth in paragraph 1 concern contentions of law to which no answer is required. To the extent the contentions of law are deemed to include allegations of fact, Paul Revere denies them.

---

[1] The plaintiff has improperly included UnumProvident Corporation as a defendant. Although Paul Revere Life Insurance Company is a subsidiary of UnumProvident Corporation, Paul Revere is the company that issued the group policy at issue in this case and made the decision regarding the plaintiff's claim for benefits.

{H:\PA\Lit\16310\00065\A0710086.DOC}

2. Paragraph 2 contains contentions of law to which no answer is required. To the extent the contentions of law are deemed to include allegations of fact, Paul Revere denies them.

3. Paragraph 3 contains contentions of law to which no answer is required. To the extent the contentions of law are deemed to include allegations of fact, Paul Revere denies them.

## JURISDICTION

4. The allegations regarding jurisdiction in paragraph contain contentions of law to which no answer is required. Paul Revere does not dispute the Court's jurisdiction over this matter.

## PARTIES

5. Paul Revere admits that Ms. Gawne is thirty-nine years old and that she provided Paul Revere with a residential address of Framingham, Massachusetts. The remaining allegations set forth in paragraph 5 concern contentions of law to which no answer is required.

6. Paul Revere denies that the plaintiff has named any defendant with a principal place of business in Portland, Maine.

7. Paul Revere admits that its principal place of business is 18 Chestnut Street, Worcester, Massachusetts; that it issued the group long-term disability policy to Pine Manor College; that it is responsible for evaluating claims made under the Plan and making the final determination as to a Plan participant's eligibility for long-term disability benefits. Paul Revere denies the remaining allegations set forth in paragraph 7.

8. Paul Revere admits that it is the claims fiduciary for disability claims submitted under the Plan. The remaining allegations of paragraph 8 concern contentions of law to which no answer is required.

9. Paul Revere admits the factual allegations contained in paragraph 9.

10. Paul Revere admits that it issued the group long-term disability insurance policy to Pine Manor College, which, based on information and belief has a place of business at 703 West Housatonic Street, Pittsfield, Massachusetts; and that the Group Policy Number is G-27538. Paul Revere denies the remaining allegations set forth in paragraph 10.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

11. Paul Revere admits that Ms. Gawne was a librarian at Pine Manor College when she submitted her claim. Paul Revere denies the remaining allegations of paragraph 11.

12. Paul Revere admits that Ms. Gawne was a covered participant of the group long-term disability insurance policy issued by Paul Revere to Pine Manor College. Paul Revere is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12.

13. Paul Revere admits that it issued the group long-term disability insurance policy to Pine Manor College and that it is the claims fiduciary for disability claims submitted under the policy. Paul Revere denies the remaining allegations set forth in paragraph 13.

14. The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 14.

15. The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 15.

16. The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 16.

17. The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 17.

18. The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 18.

19. The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 19.

20. The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 20.

1. (Improperly numbered). The allegations set forth in paragraph 1 purport to summarize language from the group long-term disability policy. That document speaks for itself and no further answer is required to these allegations.

2. (Improperly numbered). The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 2.

3. (Improperly numbered). The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 3.

4. (Improperly numbered). The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 4.

21. The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 21.

22. The provisions of the Plan speak for themselves and, thus, no answer is required to the allegations set forth in paragraph 22.

23. The allegations set forth in paragraph 23 purport to summarize language from the group long-term disability policy. That document speaks for itself and no further answer is required to these allegations.

### Ms. Gawne's Claim for LTD Benefits

24. Paul Revere admits that Ms. Gawne has submitted a claim for long-term disability benefits to Paul Revere and that she claims that she remains disabled and entitled to further long-term disability benefits under the Plan. Paul Revere denies the remaining allegations set forth in paragraph 24.

### Illness/Basis for Disability

25. Paul Revere admits that Ms. Gawne's diagnosis is Chronic Fatigue Syndrome ("CFS") and Fibromyalgia. The remaining allegations set forth in paragraph 25 purport to summarize or quote from a March 5, 2003 letter Ms. Gawne submitted to Paul Revere, which is contained in the Administrative Record. The letter speaks for itself and no further answer is required as to the allegations set forth in paragraph 25.

26. The allegations set forth in paragraph 26 purport to summarize or quote from the medical records Ms. Gawne submitted to Paul Revere, which are contained in the Administrative Record. The medical records speak for themselves and no further answer is required to the allegations set forth in paragraph 26.

27. The allegations set forth in paragraph 27 purport to summarize or quote from the medical records Ms. Gawne submitted to Paul Revere, which are contained in the Administrative Record. The medical records speak for themselves and no further answer is required to the allegations set forth in paragraph 27.

28. The allegations set forth in paragraph 28 purport to summarize or quote from the medical records Ms. Gawne submitted to Paul Revere, which are contained in the Administrative Record. The medical records speak for themselves and no further answer is required to the allegations set forth in paragraph 28.

29. Paul Revere denies the allegations set forth in paragraph 29.

30. Paul Revere denies the allegations set forth in paragraph 29.

### Application for Benefits

31. Paul Revere admits that Ms. Gawne submitted a claim for long-term disability benefits to Paul Revere dated July 18, 1995 claiming to have become disabled on June 2, 1995. Paul Revere denies the remaining allegations set forth in paragraph 31.

### Approval for Benefits

32. Paul Revere admits that on April 25, 1996, Paul Revere approved Ms. Gawne's claim for benefits. The remaining allegations of paragraph 32 purport to summarize or quote a letter dated April 25, 1996 from Paul Revere, which is part of the Administrative Record. The letter speaks for itself and thus no further answer is required to the allegations of paragraph 32.

### Changes in Plan Definition

33. Paul Revere admits that it sent a letter to Ms. Gawne dated May 7, 1997. The remaining allegations of paragraph 33 purport to summarize or quote the May 7, 1997 letter. The letter speaks for itself and thus no further answer is required for the allegations of paragraph 33.

34. Paul Revere admits that on September 10, 1999, it determined that Ms. Gawne no longer met the definition of total disability for her own occupation or any occupation and discontinued payment of benefits. Paul Revere denies the remaining allegations of paragraph 34.

### Termination of Benefits and Internal Appeal

35. Paul Revere admits that on September 10, 1999, Ms. Gawne's benefits were terminated. The basis for this termination was outlined in detail in a letter to Ms. Gawne dated

September 10, 1999. The September 10, 1999 letter speaks for itself and thus no further answer is required to the allegations in paragraph 35.

36. Paul Revere admits that in a letter dated November 29, 1999, Ms. Gawne appealed Paul Revere's denial of benefits. The November 29, 1999 letter speaks for itself and thus no further answer is required to the allegations in paragraph 36.

37. Paul Revere admits that on February 7, 2000, Paul Revere agreed to continue to provide disability benefits while it investigated Ms. Gawne's claim, and that these benefits were paid under a reservation of rights. Paul Revere denies the remaining allegations of paragraph 37.

38. Paul Revere admits the allegations set forth in paragraph 38.

39. The allegations set forth in paragraph 39 purport to summarize or quote the report of Dr. Elizabeth Moes, Ph.D., which is part of the Administrative Record. This document speaks for itself and thus no further answer is required to the allegations of paragraph 39.

40. Paul Revere denies the allegations set forth in paragraph 40.

41. Paul Revere admits that in October 2002, Ms. Gawne underwent a Functional Capacity Evaluation ("FCE") by Chad Williams, PT, at the request of Paul Revere. The allegations of paragraph 41 purport to summarize or quote Mr. Williams' report. This document is part of the Administrative Record and speaks for itself, therefore no further answer is required to the allegations of paragraph 41.

42. Paul Revere denies the allegations set forth in paragraph 42.

43. Paul Revere lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43. In addition, Mr. Williams' report, which is part of the Administrative Record, speaks for itself and therefore no further answer is required to the allegations of paragraph 43.

44.	Paul Revere denies the allegations set forth in paragraph 44.

45.	Paul Revere admits that in a letter dated December 13, 2002, it informed Ms. Gawne that her benefits were being terminated.  The December 13, 2002 letter speaks for itself and thus no further answer is required to the allegations in paragraph 45.

46.	Paul Revere admits that in a letter dated December 13, 2002, it informed Ms. Gawne that her benefits were being terminated.  The December 13, 2002 letter speaks for itself and thus no further answer is required to the allegations in paragraph 46.

47.	Paul Revere admits that in a letter dated March 18, 2003, Ms. Gawne appealed the decision to terminate her benefits.  The March 18, 2003 letter speaks for itself and thus no further answer is required to the allegations in paragraph 47.

48.	Paul Revere admits that in a letter dated August 18, 2003, Paul Revere upheld its denial of Ms. Gawne's long-term disability benefits.  Paul Revere denies the remaining allegations of paragraph 48.

**Paul Revere's Review of Ms. Gawne's Claim for Benefits**

49.	The allegations of paragraph 49 purport to summarize the August 18, 2003 letter.  The August 18, 2003 letter speaks for itself and no further answer is required to the allegations of paragraph 49.

50.	The allegations of paragraph 50 purport to summarize the August 18, 2003 letter.  The August 18, 2003 letter speaks for itself and no further answer is required to the allegations of paragraph 50.

51.	The allegations of paragraph 51 purport to summarize the August 18, 2003 letter.  The August 18, 2003 letter speaks for itself and no further answer is required to the allegations of paragraph 51.

52. Paul Revere denies the allegations set forth in paragraph 52.

53. Paul Revere denies the allegations set forth in paragraph 53.

54. Paul Revere denies the allegations set forth in paragraph 54.

55. Paul Revere denies the allegations set forth in paragraph 55.

56. Paul Revere denies the allegations set forth in paragraph 56.

57. Paul Revere denies the allegations set forth in paragraph 57.

58. Paul Revere denies the allegations set forth in paragraph 58.

59. Paul Revere denies the allegations set forth in paragraph 59.

60. Paul Revere denies the allegations set forth in paragraph 60.

61. Paul Revere denies the allegations set forth in paragraph 61.

62. Paul Revere denies the allegations set forth in paragraph 62.

63. Paul Revere admits that Ms. Gawne has exhausted her administrative remedies.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

64. Paul Revere realleges its answers to each of the paragraphs above as if fully set forth herein.

65. Paul Revere admits the allegations set forth in paragraph 65.

66. Paul Revere denies the allegations set forth in paragraph 66.

67. The allegations of paragraph 67 are contentions of law and thus no answer is required as to these allegations.

68. Paul Revere denies the allegations set forth in paragraph 66.

69. Paul Revere denies the allegations set forth in paragraph 69.

70. Paul Revere denies the allegations set forth in paragraph 70.

71. Paul Revere admits that it has denied Ms. Gawne's entitlement to any additional disability benefits. Paul Revere denies the remaining allegations of paragraph 71.

72. Paul Revere denies the allegations set forth in paragraph 72.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

73. Paul Revere realleges its answers to each of the paragraphs above as if fully set forth herein.

74. Paul Revere denies the allegations set forth in paragraph 74.

75. Paul Revere denies the allegations set forth in paragraph 75.

76. Paul Revere denies the allegations set forth in paragraph 76.

77. Paul Revere denies the allegations set forth in paragraph 77.

78. Paul Revere denies the allegations set forth in paragraph 78.

### SECOND DEFENSE

The plaintiff's complaint fails to state a claim against the defendant upon which relief may be granted.

### THIRD DEFENSE

This case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

### FOURTH DEFENSE

Any common law claims asserted by the plaintiff are preempted by the Employee Retirement Security Act of 1974, 29 U.S.C. §1001 et seq.

### FIFTH DEFENSE

The plaintiff is not entitled to the benefits sought pursuant to the terms of the Plan.

### SIXTH DEFENSE

The plaintiff has failed to comply with all conditions precedent and necessary to receive benefits under the terms of the Plan.

### SEVENTH DEFENSE

The decision rendered by Paul Revere on the plaintiff's request for benefits was fair and reasonable in light of the information provided to Paul Revere as Claims Administrator.

### EIGHTH DEFENSE

Under ERISA plaintiff is not entitled to any extra contractual damages.

### NINTH DEFENSE

The plaintiff has not made a sufficient showing to warrant an award of attorneys' fees under ERISA.

### TENTH DEFENSE

The Plan is not obligated to pay any future benefits in a lump sum to the plaintiff.

### ELEVENTH DEFENSE

The plaintiff's claim is barred by the applicable statute of limitations and the limitations provisions in the long-term disability plan.

### TWELFTH DEFENSE

The plaintiff's complaint fails to state a claim against the defendant upon which relief may be granted.

### THIRTEENTH DEFENSE

The plaintiff's claims are barred by the terms and conditions of the Policy.

### FOURTEENTH DEFENSE

No benefits are due the plaintiff since she is not totally disabled as defined by the policy.

FIFTEENTH DEFENSE

The plaintiff's claim is barred by the doctrine of waiver or estoppel.

SIXTEENTH DEFENSE

The defendant states that if it ever owed any benefits to plaintiff, such benefits have been paid and no further benefits are owed.

SEVENTEENTH DEFENSE

The plaintiff is not entitled to the benefits sought pursuant to the terms of the policy.

EIGHTEENTH DEFENSE

The proper defendant in this case is the Paul Revere Life Insurance Company. This is the company that issued the policy at issue in this case and remains responsible for payment of claims, if any, under the policy. UnumProvident has not assumed liability for any claims under the policy at issue in this case. Because UnumProvident is not the proper defendant, all claims against it should be dismissed. Because this is a fully insured Plan, and the Plan did not have the discretion and authority to make benefit determinations, the claims against it should be dismissed.

WHEREFORE, the defendants make demand that the plaintiff's complaint be dismissed and judgment thereon be entered in favor of the defendants, The Paul Revere Life Insurance Company, UnumProvident Corporation and Pine Manor College Long Term Disability Plan, with an award of costs.

UNUMPROVIDENT CORPORATION,
PAUL REVERE LIFE INSURANCE
COMPANY, AND PINE MANOR
COLLEGE LONG TERM DISABILITY
PLAN

By their attorney,

/s/ Kristina H. Allaire
Joan O. Vorster, Esq.
BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: June 25, 2004

### CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Mala M. Rafik, Esq., Rosenfeld & Rafik, P.C., 44 School Street, Suite 410, Boston, MA 02108.

/s/ Kristina H. Allaire
Kristina H. Allaire, Esq.

Dated: June 25, 2004